| |
|---|
| **Arrington v State of New York** |
| 2011 NY Slip Op 34347(U) |
| May 24, 2011 |
| Court of Claims |
| Docket Number: Claim No. 118554 |
| Judge: W. Brooks DeBow |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# Synopsis

Claim for personal injury alleging negligence by charter school and entity that operated an after-school program dismissed for lack of jurisdiction. Court of Claims' jurisdiction is limited to claims against the State, and neither of these entities is one for which the State may bear liability.

# Case information

| | |
|---|---|
| UID: | 2011-038-531 |
| Claimant(s): | BRYANNA ARRINGTON, an infant by her Mother and Natural Guardian, VANESSA ARRINGTON, and VANESSA ARRINGTON, individually |
| Claimant short name: | ARRINGTON |
| Footnote (claimant name) : | |
| Defendant(s): | THE STATE OF NEW YORK |
| Footnote (defendant name) : | |
| Third-party claimant(s): | |
| Third-party defendant(s): | |
| Claim number(s): | 118554 |
| Motion number(s): | M-78862 |
| Cross-motion number(s): | |
| Judge: | W. BROOKS DeBOW |
| Claimant's attorney: | H. BRUCE FISCHER, Esq. |
| Defendant's attorney: | ERIC T. SCHNEIDERMAN, Attorney General of the State of New York<br>By: Gwendolyn Hatcher, Assistant Attorney General |
| Third-party defendant's attorney: | |
| Signature date: | May 24, 2011 |
| City: | Albany |
| Comments: | |
| Official citation: | |
| Appellate results: | |
| See also (multicaptioned case) | |

# Decision

This claim alleges that the infant claimant was injured while attending an after school program operated by Oasis Children's Services, LLC at the Girls Prep Charter School in New York City. The claim alleges that the infant claimant was injured when a table with chairs upon it collapsed and claimant's head was struck by a falling chair, and that claimant's injuries were caused by the negligence of defendant, "its teachers, agents and/or employees" (Claim, ¶ 6). Specifically, the claim alleges that defendant was negligent in its "ownership, operation,

[* 1]

management, maintenance control and supervision of the . . . Girls Prep Charter School" and in failing to properly train, supervise and hire competent personnel, and to properly maintain and repair the table (id., ¶ 7). Defendant moves to dismiss the claim for lack of jurisdiction. Claimant opposes the motion, contending that defendant has failed to submit sufficient evidence in support of its contentions.

The jurisdiction of the Court of Claims is limited to claims against the State of New York, its employees, and other entities not relevant to this claim (see Court of Claims Act § 9). With respect to the State's alleged liability for the negligence of Girls Prep Charter School, Education Law § 2853 (1) (b) and (c) provide that charter schools are independent and autonomous public schools operated as not-for-profit corporations, and they are not agencies or subdivisions of the State (see Robayo v State of New York and Our Neighborhood Charter School, UID #2007-028-537, Claim No. 113082, Motion No. M-72708, Sise, J. [Ct Cl Mar. 30, 2007]). Accordingly, claims for personal injuries that accrued at a charter school are not within the jurisdiction of the Court of Claims (see id.; Holmes v Promise Academy Charter School, Harlem Children's Zone, Inc.-Charter Schools Institute State University of New York, UID #2008-016-064, Claim No. 115140, Motion No. M-75152, Marin, J. [Nov. 18, 2008 ]; see also, Valerio v The Board of Trustees of the State University of New York, UID # 2010-016-028, Claim No. None, Motion No. M-77776, Marin, J. [May 6, 2010]). Further, inasmuch as "the State is not responsible for either the [charter] school or maintenance of its premises" (Holmes, supra) as a matter of law, defendant does not bear the burden of supporting its motion to dismiss with admissible evidence demonstrating that it did not operate, manage, maintain or control the charter school, contrary to claimant's contention that the motion should be denied in the absence of such evidence (see Affirmation of H. Bruce Fischer). Moreover, because State law generally provides that a charter school is not an agency or subdivision of the State, claimant's proof that the State University of New York was the "authorizer" of the charter school is unavailing, as such proof does not demonstrate the State actually operated, managed, maintained or controlled Girls Prep Charter School.

With regard to Oasis Children's Services, the claim itself identifies Oasis as an "LLC," or limited liability corporation, a status which is confirmed by defendant's submission of a printout from the New York State Department of State (see Hatcher Affirmation, Exhibit C), the admissibility of which is not challenged by claimant. The Court of Claims does not have jurisdiction over claims that seek to impose liability on the State for the acts of the employees of private entities (see Court of Claims Act § 9; Maldonado v State of New York, UID # 2006-030-517, Claim No. 111085, Motion No. M-70935, Scuccimarra, J. [Feb. 22, 2006]).

Based on the forgoing, the claim fails to state a cause of action against the State of New York. Accordingly, it is

ORDERED, that Motion Mo. M-78862 is GRANTED and Claim No. 118554 is DISMISSED in its entirety.

May 24, 2011

Albany, New York

W. BROOKS DeBOW

Judge of the Court of Claims

Papers Considered:

(1) Claim No. 118554, filed June 21, 2010;

(2) Verified Answer, filed July 21, 2010;

(3) Notice of Motion, dated September 29, 2010;

(4) Affirmation in Support of Gwendolyn Hatcher, AAG, dated September 29, 2010,

with Exhibits A-C;

(5) Affirmation in Opposition of H. Bruce Fischer, Esq. dated October 12, 2010, with Exhibit A.

<& /claims/inclusions/footer.htm &>

[* 2]